IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

---

**TAMIKA IVY,** *Individually and on behalf of herself and all other similarly situated current and former employees*,

                Plaintiffs,

                **v**.

**INTER-CONTINENTAL HOTELS GROUP (JAPAN) INC, INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC** *and,* **VALOR HOSPITALITY PARTNERS, LLC**

                Defendants.

CASE NO. _____

FLSA Multi-Plaintiff Action

**JURY DEMANDED**

---

### ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

---

Plaintiff, Tamika Ivy, individually, ("Plaintiff"), on behalf of herself and other similarly situated current and former tipped employees (banquet servers) of Defendants, bring this multi-plaintiff action against Defendants, Inter-Continental Hotels Group (Japan), Inc., Intercontinental Hotels Group Resources, LLC and, Valor Hospitality, (collectively "Defendants") and, alleges as follows:

**I.**
**INTRODUCTION**

This lawsuit is brought against Defendants as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees of Defendants (also known as servers and bartenders), who are potential plaintiffs as defined herein.

## II.
## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff is employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district and have engaged and continue to engage in wrongful conduct alleged herein in this district, during all times material to this action.

## III.
## POTENTIAL PLAINTIFF DESCRIPTION

3. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

"All current and former hourly-paid tipped employees who have been employed by and worked at any Intercontinental Hotels Group (Japan), Inc. and/or Intercontinental Hotels Group Resources, LLC hotel, restaurant, bar or banquet hall franchised, owned, managed and/or operated by Valor Hospitality Partners, LLC in the United States at any time during the applicable statutory limitations' period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").[1]

## IV.
## PARTIES

4. Defendant, Intercontinental Hotels Group (Japan), Inc., is a Tennessee Corporation and one of the world's leading hotel companies. Intercontinental Hotels Group (Japan), Inc (hereinafter "IHG Japan"), franchisees, manages, owns, oversees and/or operates such

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

hotel brands as Holiday Inn, Crowne Plaza, Candlewood Suites, Intercontinental Hotels, Staybridge Suites, throughout the United States. Its U.S. corporate offices are located at 3 Ravinia Drive, Atlanta, Georgia 30346. Plaintiff has worked as hourly-paid tipped employee at IHG Japan's, IHG Resources', and Valor Hospitality Partner's Holiday Inn Memphis-University of Memphis at 3700 Central Avenue in Memphis, Tennessee at all times material herein. Intercontinental Hotels Group (Japan), Inc has been an "employer" of Plaintiff and potential plaintiffs as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

5. Defendant, Intercontinental Hotels Group Resources, LLC, is a Delaware Limited Liability Company and one of the world's leading hotel companies. Intercontinental Hotels Group Resources, LLC (hereinafter "IHG Resources"), franchisees, manages, owns, oversees and/or operates such hotel brands as Holiday Inn, Crowne Plaza, Candlewood Suites, Intercontinental Hotels, Staybridge Suites, throughout the United States. Its U.S. corporate offices are located at 3 Ravinia Drive, Atlanta, Georgia 30346. Plaintiff has worked as hourly-paid tipped employees at IHG Japan's, IHG Resources', and Valor Hospitality Partner's Holiday Inn Memphis-University of Memphis at 3700 Central Avenue in Memphis, Tennessee at all times material herein. Intercontinental Hotels Group Resources, LLC has been an "employer" of Plaintiff and potential plaintiffs as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

6. Defendant Valor Hospitality Services (hereinafter "Valor") is a Georgia limited liability company with its principal offices located at 3200 Windy Hill Road SE, STE 750, Atlanta, Georgia. According to its website, Valor serves the hospitality industry in multiple states

3

and countries around the globe. Plaintiff has worked as hourly-paid tipped employees at IHG Japan's, IHG Resources', and Valor's Holiday Inn Memphis-University of Memphis at 3700 Central Avenue in Memphis, Tennessee at all times material herein. Valor has been an "employer" of Plaintiff and potential plaintiffs as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

7. Defendants have been joint employers of Plaintiff and potential plaintiffs because they worked under Defendants' joint control and direction of the Holiday Inn Memphis-University of Memphis at 3700 Central Avenue in Memphis, Tennessee, at all times material to this action.

8. Defendants constitute an integrated enterprise, as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(r), because their management, training, control and oversight activities relating to Plaintiff and potential plaintiffs at the Holiday Inn Memphis - University of Memphis at 3700 Central Avenue in Memphis, Tennessee have been performed through a unified operation of common control for a common business purpose, during all times material herein.

9. Plaintiff Tamika Ivy has been employed by Defendants as an hourly-paid tipped employee at Defendants' Holiday Inn Memphis-University of Memphis at 3700 Central Avenue in Memphis, Tennessee during all times material. (Plaintiff Tamika Ivy Consent to Join this multi-plaintiff action is attached hereto as *Exhibit A*.)

## V.
## ALLEGATIONS

10. Defendants, as joint employers and as an integrated enterprise, operated, trained, managed and "oversaw" the aforementioned Holiday Inn Memphis - University of Memphis at 3700

        Central Avenue in Memphis, Tennessee, as well as operated, trained, managed and "oversaw" other hotels, restaurants, bars, and banquet halls throughout the United States.

11. On information and belief, IHG Japan and IHG Resources had training responsibilities relating to Plaintiff and potential plaintiffs at the aforementioned Holiday Inn Memphis-University of Memphis restaurant in Memphis, Tennessee and required them to comply with and conform to their standards, policies and practices while so employed during all times material to this action. IHG Japan and IHG Resources advertised and held itself out as having management and oversight authority over the aforementioned Holiday Inn Memphis-University of Memphis restaurant in Memphis, Tennessee and regarded Plaintiff and potential plaintiffs as its employees.

12. Defendant Valor had joint management responsibilities with IHG Japan and IHG Resources in the operation and control of the aforementioned Holiday Inn Memphis-University of Memphis restaurant in Memphis, Tennessee during all times material to this action.

13. The primary function of Defendants' hotel-related banquet hall has been to provide a large gathering space and serve food and beverage items to banquet attendees.

14. On information and belief, the decisions regarding the compensation of Plaintiff and potential plaintiffs were made through an integrated team, under the control and direction of IHG Japan, IHG Resources, and Valor management.

15. Defendants have and continue to employ a time keeping system for tracking and reporting the compensable work time of Plaintiff and potential plaintiffs.

16. At all times material to this action, Plaintiff and potential plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants

within the territory of the United States within three (3) years preceding the filing of this lawsuit.

17. Plaintiff and potential plaintiffs are current or former employees of Defendants who were paid a "tip credit" rate (a rate less than minimum wage) of pay against the required FLSA minimum wage of $7.25 per hour.

18. At all times material to this action, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees, including Plaintiff and potential plaintiffs, likewise have engaged in interstate commerce during all relevant times.

19. At all times material to this action, Defendants have been an "employer" or "joint employer" as defined by the FLSA.

20. Defendants constitute an integrated enterprise, as defined in the FLSA, 29 U.S.C. § 203(r), during all times material herein.

21. Defendants have carried out their common practice of reducing their labor cost by inducing and forcing their banquet hall managers to require, direct, encourage, entice and/or, suffer and permit, Plaintiff and potential plaintiffs:

   (a) to perform maintenance, kitchen and set-up/tear-down (dual occupation),[2] non-tip producing tasks for extended periods of time during their shifts while clocked-in to Defendants' time keeping system as tipped employees at a "tip credit" wage rate;

---

[2] *See* 29 C.F.R. § 531.56(e)

6

    (b) to perform non-tip producing "side work" tasks tangentially related to their tipped occupation but non-tip producing in nature more than twenty (20%) percent of their shifts, and attend meetings and training, while only receiving a tip credit for such work and time; and

    (c) to pool their banquet tips with the Defendants and managers who are not hourly-paid tipped employees (constituting an unlawful "tip pool").

22. Accordingly, Plaintiff and potential plaintiffs performed such "dual occupation", "more than twenty (20%) percent and related meetings/training time," non-tip producing work and suffered a loss of tips as a result of the aforementioned unlawful "tip pool" scheme. Consequently, they were not paid the applicable FLSA minimum wage rate of pay for all such hours worked.

23. Further, Defendants cannot claim a tip credit for any tips Plaintiff received from Defendants' customers. Defendants cannot establish they complied with the tip credit provisions of Section 203(m). *See* 29 U.S.C. § 2013(m). For example, as previously stated, at times Defendants required Plaintiff, and potential plaintiffs, to give up a portion of their tips to defendants and ineligible employees and others not entitled to receive them.

24. Plaintiff's and potential plaintiffs' "dual occupation", "more than twenty (20%) percent and related meetings/training time" and, "unlawful tip pooling" claims have been unified through common theories of Defendants' FLSA violations.

25. As a result, Plaintiff and potential plaintiffs are entitled to at least the applicable FLSA minimum wage rates of pay for all such unpaid wage claims, including at least the applicable minimum wage rate of pay, without applying any tip credit, for all hours worked on shifts during which unlawful tip pooling occurred.

26. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

27. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

28. The net effect of Defendants' aforementioned practice of requiring Plaintiff and other potential plaintiffs to perform unrelated maintenance, set up/tear down, kitchen and housekeeping, non-tip producing (dual occupation) work for extended periods of time at only the tip credit rate when not assigned "tables" and customers, to perform unrelated preparation and maintenance "side work" of more than twenty (20%) percent of the time, and attend mandatory meetings and required training, while only receiving a tip credit wage for such time and, to unlawfully pool their banquet tips with defendants and non-tipped hourly-paid employees and managers, was to lower labor costs for their jointly managed and operated hotel and banquet hall and, thereby, save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiff and potential plaintiffs.

29. Although at this stage Plaintiff is unable to state the exact amount owed to them and potential plaintiffs, they believe such information will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## MULTI-PLAINITFF ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. The number of potential plaintiffs is so numerous that joinder of all other potential plaintiffs is impracticable. While the exact number of the other potential plaintiffs is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are more than 30 potential plaintiffs to this action.

33. The claims of Plaintiff are typical of the claims of the potential plaintiffs. Plaintiff and those similarly situated who work or have worked for Defendants' hotels and banquet halls were subjected to the same operational, compensation and timekeeping practices of Defendants, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

34. As a result, such aforementioned unpaid minimum wage claims of Plaintiff and potential plaintiffs are unified through common theories of Defendants' FLSA statutory violations.

35. Common questions of law and fact exist as to the class which predominate over any questions only affecting other potential plaintiffs individually and include, but are not limited to, the following:

- Whether Plaintiff and potential plaintiffs were expected and/or required to perform work without being paid full compensation;

- Whether Defendants failed to pay Plaintiff and potential plaintiffs the applicable FLSA minimum wage rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and potential plaintiffs

- Whether Plaintiff and potential plaintiffs are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiff and potential plaintiffs.

36. Plaintiff will fairly and adequately protect the interests of the potential plaintiffs as her interests are aligned with the interests of potential plaintiffs. Plaintiff has no interests adverse to the potential plaintiffs and, she has retained competent counsel who are experienced in multi-plaintiff action litigation.

37. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual potential plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other potential plaintiffs to individually seek address for the wrongs done to them.

38. Plaintiff and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FLSA VIOLATIONS – MINIMUM WAGE

39. Plaintiff, on behalf of herself and potential plaintiffs, repeats and re-allege Paragraphs 1 through 38 above, as if they were fully set forth herein.

40. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

Plaintiff and potential plaintiffs likewise have been engaged in interstate commerce during all relevant times.

41. Pursuant to Defendants' aforementioned common plans, policies and practices, they have failed to pay Plaintiff and potential plaintiffs of the class the applicable minimum wage rates for all work performed, as required by the FLSA.

42. At all times relevant and based on the aforementioned allegations, Defendants have had a common practice of willfully refusing to pay Plaintiff and potential plaintiffs for all compensable time, including for all unrelated maintenance, kitchen and housekeeping "dual occupation" non-tip producing work time when not assigned "tables" and customers, for all unrelated non-tip producing preparation and maintenance "side work" in excess of twenty (20%) percent of their time, and "meetings/training" time, at the applicable FLSA minimum wage rate of pay, instead paying Plaintiff and potential plaintiffs at a tip credit wage rate of pay.

43. At all times relevant herein, Defendants' aforementioned common practices of willfully failing to pay Plaintiff and potential plaintiffs at least the required minimum wage rate of $7.25 an hour for the aforementioned claims violate the FLSA. Such claims are unified through common theories of Defendants' FLSA violations.

44. At all times relevant and based on the aforementioned allegations, Defendants have had a common plan, policy and practice of pooling earned tips of Plaintiffs and potential plaintiffs with defendants and non-tipped hourly employees and, thereby constituting an unlawful "tip pool" compensation plan.

45. As result, Plaintiff and potential plaintiffs are entitled to the applicable FLSA minimum wage rate of $7.25 per hour, without applying any tip credit, for all hours worked during

shifts in which such unlawful "tip pooling" occurred, during the relevant statutory period of time herein.

46. At all times relevant, Defendants have had actual as well as constructive knowledge of willfully refusing to pay Plaintiff and potential plaintiffs for all the aforementioned unpaid wage claims of at least the applicable FLSA minimum wage rate of pay.

47. Defendants knew or showed reckless disregard for whether their practices violated the minimum wage provisions of the FLSA.

48. Defendants' aforementioned FLSA violations were willful and, committed without a good faith basis. Therefore, Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of herself and all other similarly situated potential plaintiffs, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a multi-plaintiff action on behalf of the similarly situated potential plaintiffs and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid minimum wages to Plaintiff and potential plaintiffs at the applicable FLSA minimum wage rate of pay.

C. On Count I, an award of liquidated damages to Plaintiff and potential plaintiffs;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs;

E.  On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs;

F.  On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a **trial by jury** on all issues so triable.

Dated: September 26, 2023             Respectfully Submitted,

*/s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*